UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FOREST M. STARLING and
LINDA STARLING,

        Plaintiffs,

vs.

Case No. 09-CV-13189
HON. GEORGE CARAM STEEH

GROSSE POINTE MOVING CO.,
GROSSE POINTE MOVING CO. d/b/a
GROSSE POINTE MOVING AND STORAGE CO.,
and GROSSE POINTE MOVING AND
STORAGE COMPANY,

        Defendants/Third Party Plaintiffs,

vs.

GLOBAL VAN LINES, INC.,

        Third Party Defendants.

_____/

OPINION AND ORDER GRANTING IN PART PLAINTIFFS' MOTION
TO AMEND COMPLAINT AND REMAND (# 11)
AND DENYING DEFENDANTS GPM'S MOTION
FOR PARTIAL SUMMARY JUDGMENT (# 14)

Plaintiffs Forest and Linda Starling move for leave to file a First Amended Complaint alleging that their contract with defendants Grosse Pointe Moving Co. and Grosse Pointe Moving and Storage Co. (collectively "GPM") involved moving their personal property from their home in Grosse Ile Township, Michigan to storage in Detroit, Michigan, and that $24,900.00 worth of their sterling silver was lost or stolen during this solely intrastate trip. Plaintiffs also move to remand to state court following amendment arguing the court will thereafter be divested of federal question jurisdiction under the Carmack Amendment, 49 U.S.C. § 14706 involving the interstate transport of goods. Defendants GPM move for

partial summary judgment of the state claims set forth in plaintiffs' initial Complaint arguing the claims are preempted by the Carmack Amendment because plaintiffs intended to, and did, transport their goods in interstate commerce from Michigan to their new home in Naples, Florida.  Pursuant to E.D. Mich. Local R. 7.1(e)(2), it is ORDERED that the motions be resolved without oral argument.

## I. Background

Plaintiffs filed their six-count Complaint in Michigan's 33rd District Court on July 7, 2009 alleging state law claims of breach of contract, negligence, common law and statutory conversion, M.C.L. § 600.2919a, violation of the Michigan Consumer Protection Act, M.C.L. § 445.901 et seq., bailment, and breach of warranty.  The claims are based on the following factual allegations:

> 5.  On or about September 15, 2006, Plaintiffs, Forrest M. Starling and Linda Starling, hired and retained Defendants to move all personality within their entire household located at 19517 Parke Lane in Grosse Ile Township to Defendants' storage facility located at 11850 E. Jefferson Avenue in the City of Detroit, Michigan.  (Attached as Exhibit A is Defendant's [sic] bill of lading and warehouse receipts and inventory documents)
>
> 6.  When the items from the Starling home were delivered to their new home in Naples, Florida, approximately $24,900.00 of sterling silver and other items were missing.
>
> 7.  At all times pertinent hereto, the sterling silver and other items were under the control of Defendants, Defendants' employees and/or Defendants' agents.

Complaint, at 2-3.  GPM removed the matter to federal court on August 13, 2009, invoking federal question jurisdiction based on the preemptive effect of the federal Carmack Amendment, 49 U.S.C. § 14706 governing the interstate transport of goods.  On August 19, 2009, GPM was ordered to show cause why the plaintiffs' claims should not be remanded for lack of federal question jurisdiction.  Following GPM's timely response to the

order, the court dismissed the show cause order on finding that "GPM has established that the plaintiffs' state law claims are completely preempted by the federal Carmack Amendment, and therefore removal to federal court was proper as a narrow exception to the well-pleaded complaint rule." September 2, 2009 Order, at 1.

## II. Plaintiffs' Motion to Amend and Remand

Plaintiffs seek leave to file a First Amended Complaint to add the following factual allegations set forth in Forest Starling's December 14, 2009 affidavit:

1. In August of 2006, my wife, Linda Starling, and I sold our home in Grosse Ile, Michigan which approximated 16,000 square feet.

2. It was our intention to move to Naples, Florida despite the fact that we did not have a home or any other permanent residence there.

3. At that time, it was our intention to sell the household furnishings to the buyer of our home and negotiations began.

4. Negotiations were unsuccessful and, having nowhere to keep the household furnishings and no intentions to move them anywhere, we contacted Grosse Pointe Moving and Storage.

5. It was our intention at the time to hire Grosse Pointe Moving and Storage to empty our home and have all items moved to Grosse Pointe Moving and Storage's location in Detroit, Michigan.

6. On or about September 15, 2006, all of the items were removed from our Grosse Ile home to Grosse Pointe Moving and Storage's facility at 11850 East Jefferson in Detroit.

7. Also at that time, it was contemplated that the household furnishings would ultimately be sold at auction at DuMouchelles Fine Arts Gallery in Detroit, Michigan.

8. In the fall of 2007, the vast majority of the items were, in fact, sold at auction by DuMouchelles.

9. It was not until the late fall of 2007, that we contemplated moving any of the items from Detroit to Naples, Florida.

10. It is our belief that the items identified in our Complaint were lost and/or

> stolen solely within the State of Michigan and prior to us deciding to move any items to Naples, Florida.

Plaintiff's Exhibit E. Plaintiffs argue that these amended factual allegations place their state law claims outside the preemptive scope of the Carmack Amendment because they are alleging that their goods were lost or stolen during intrastate shipment solely within Michigan. Plaintiffs assert that, once leave to amend is granted, the court will lack federal question jurisdiction over this matter, warranting remand to state court.

Defendants GPM respond that leave to amend should be denied as futile because, even with factual amendment, the plaintiffs' original Complaint and the documentary evidence show that the ultimate destination of the subject goods was Naples, Florida, by way of interstate shipment. GPM points to the plaintiffs' allegation in their Complaint that they only discovered the sterling silver and other items were missing "after items from the Starling home were delivered to their new home in Naples, Florida[.]" Complaint, ¶ 6, at 3. GPM maintains that the proposed amendments therefore would not place the plaintiffs' state law claims beyond the preemptive reach of the Carmack Amendment. GPM also argues that leave to amend should be denied because the plaintiffs have not attached a proposed First Amended Complaint to their motion, as required by Eastern District of Michigan Local Rule 15.1.

Leave to amend a complaint is to be freely granted when justice so requires. Fed. R. Civ. P. 15(a). Leave to amend should be granted unless amendment would be futile, as where the amended claims would not survive a motion to dismiss. Foman v. Davis, 371 U.S. 178, 182 (1962).

At the outset, granting plaintiffs' motion for leave to file a First Amended Complaint would not divest this court of subject matter jurisdiction. "The existence of subject matter

4

jurisdiction is determined by examining the complaint as it existed at the time of removal." Harper v. AutoAlliance International, Inc., 392 F.3rd 195, 210 (6th Cir. 2004).  Even where a subsequent narrowing of the issues excludes all federal claims, the court retains supplemental jurisdiction over the remaining state law claims.  Id. at 210-211 (quoting In re Crater, 618 F.2d 1093, 1101 (5th Cir. 1980)).  GPM demonstrated that the claims as alleged in plaintiffs' Complaint at the time of removal were preempted by the federal Carmack Amendment.  September 2, 2009 Order, at 1.  Plaintiffs' argument that they will be entitled to remand upon amendment due to a resulting lack of subject matter jurisdiction is without merit.

More to the point, plaintiffs' proposed amended claims do not divest this court of federal question subject matter jurisdiction under 28 U.S.C. § 1331.  "Federal question jurisdiction can be established by showing 'either that federal law creates the cause of action or that the plaintiff[']s right to relief necessarily depends on resolution of a substantial question of federal law.'"  Warthman v. Genoa Twp. Bd. of Trustees, 549 F.3d 1055, 1061 (6th Cir. 2008) (quoting Thornton v. Sw. Detroit Hosp., 895 F.2d 1131, 1133 (6th Cir. 1990) (quoting Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 27-28 (1983))).  Federal question jurisdiction "may exist over an ordinary state-law cause of action where 'the right to relief depends upon the construction or application of the . . . laws of the United States[.]'"  Mikulski v. Centerior Energy Corp., 501 F.3rd 555, 565-66 (6th Cir. 2007) (quoting Smith v. Kansas City Title & Trust Co., 255 U.S. 180, 199 (1921)).

Here, the plaintiffs' right to relief under state law depends upon the application of the federal Carmack Amendment.  As GPM argues:

> When it applies, the Carmack Amendment "provide[s] the exclusive cause of action for loss or damages to goods arising from the *interstate* transportation

5

of those goods by a common carrier . . . [and] the complete pre-emption doctrine applies."

Solectron USA, Inc. v. FedEx Ground Package Systems, Inc., 520 F. Supp. 2d 904, 908-910 (W.D. Tenn. 2002) (emphasis added) (quoting Hoskins v. Bekins Van Lines, 343 F.3d 769, 778 (5th Cir. 2003)). See also American Synthetic Rubber Corp. v. Louisville & Nashville RR Co., 422 F.2d 462, 466 (6th Cir. 1970); Carr v. Olympian Moving & Storage, No. 1:06CV00679, 2006 WL 2294873 (N.D. Ohio June 6, 2006) (citing W.D. Lawson & Co. v. Penn. Cent., 456 F.2d 419, 421 (6th Cir. 1972) and recognizing that the Sixth Circuit, as well as the Fifth Circuit, has held that the Carmack Amendment preempts all state law claims.). As plaintiffs argue, the Carmack Amendment does not apply "[w]hen goods are shipped entirely within a state," that is, shipped in *intrastate* commerce. Farrah v. Monterey Transfer & Storage, Inc., 555 F.Supp.2d 1066, 1068 (N.D. Cal. 2008) (citing Burlington N., Inc. v. Weyerhaeuser Co., 719 F.2d 304, 310 (9th Cir. 1983)).

Whether the goods in question here were shipped in interstate commerce or intrastate commerce is a matter of federal law.

> . . . . In determining whether a particular shipment involves interstate commerce, "the intention existing at the time the movement starts governs and fixes the character of the shipment," regardless of temporary stoppages within the state."

Solectron USA, Inc., 520 F. Supp. 2d at 909 (quoting Swift Textiles, Inc. v. Watkins Motor Lines, Inc., 799 F.2d 697, 699 (11th Cir. 1986)).

> The nature of a shipment is not determined by a mechanical inspection of the bill of lading nor by when and to whom title passes but rather by "the essential character of the commerce," United States v. Erie R.R. Co., 280 U.S. 98, 102, 50 S.Ct. 51, 53, 74 L.Ed. 187, 206 (1929), reflected by the "intention formed prior to shipment, pursuant to which property is carried to a selected destination by a continuous or unified movement," Great N. Ry. Co. v. Thompson, 222 F.Supp. 573, 582 (D.N.D. 1963) (three-judge district court).

6

> It is well-settled that, in determining whether a particular movement of freight is interstate or intrastate or foreign commerce, the intention existing at the time the movement starts governs and fixes the character of the shipment. . . . [T]emporary stoppage within the state, made necessary in furtherance of the interstate carriage, does not change its character.

Swift Textiles, Inc., 799 F.2d at 699 (quoting State of Texas v. Anderson, Clayton & Co., 92 F.2d 104, 107 (5th Cir.), cert. denied, 302 U.S. 747 (1937)). Ultimately, the determination of the character of the commerce, as either interstate or intrastate, is determined by weighing the "whole group of facts" with respect to the commerce. Solectron USA, Inc., 520 F. Supp. 2d at 909 (quoting Atl. Coast Line R. Co. v. Standard Oil Co. of Kentucky, 275 U.S. 257, 268-69 (1927)).

Whether the plaintiffs' proposed state law claims are preempted necessarily depends on resolution of the substantial factual question under the federal Carmack Act of the "character" or "nature" of the shipment of the plaintiff's goods, thus establishing federal question jurisdiction over the proposed claims if leave to amend is granted. Warthman, 549 F.3d at 1061; Mikulski, 501 F.3rd at 565-66. Granting plaintiffs leave to amend would not be futile because the proposed factual amendments, as illustrated in Forest Starling's December 14, 2009 Affidavit, present plausible claims that the plaintiffs' sterling silver and other goods were lost or stolen in intrastate commerce, and thus, the proposed amended claims would survive a motion to dismiss. Foman, 371 U.S. at 182; Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 564, 127 S. Ct. 1955, 1965, 1970 (2007); Fed. R. Civ. P. 12(b)(6).

Plaintiffs' proposed amended factual claims do not directly contradict the very limited factual claims set forth in the original Complaint. Plaintiffs allege in both that they

7

contracted with GPM on September 15, 2006 to move their household furnishings to GPM's storage facility in Detroit. Adding to the factual allegation in the Compliant that the subject sterling silverware was first discovered missing when items were delivered from storage to the plaintiffs' Florida home, Forest Starling's factual attestations, which will form the basis of the amended compliant, further explain that the plaintiffs contemplated that they would sell their household furnishings at auction, that the "vast majority of the items were, in fact, sold at auction" in the Fall of 2007, and that the plaintiffs did not decide until immediately after the Fall 2007 auction to ship the goods remaining in storage from Detroit, Michigan, to Naples, Florida. A September 15, 2006 "Combination Bill of Lading & Freight Bill" supports the allegation that plaintiffs' goods were intended to be shipped only from their home in Grosse Ile, Michigan to GPM's storage facility in Detroit. Although the September 15, 2006 "Storage Order" seems to contradict his allegation that the plaintiffs did not have a home in Naples, Florida as of September 15, 2006[1], it also supports the plaintiffs' allegation that, at that time, the intent of the parties was only to ship the goods to GPM's Detroit facility "where such goods will be stored[.]" GPM's December 23, 2009 Exhibit 9. Although a May 10, 2007 "Household Goods Bill of Lading" and a March 29, 2007 "Cost Detail for Bill of Lading" indicating a Naples, Florida shipping destination appear to conflict with Starling's attestations of a Fall 2007 auction and subsequent change of intent, plausible explanations may exist for the conflict. In deciding whether amendment would

---

[1] The September 15, 2006 "Storage Order" is signed by Linda Sterling, and gives an address of 180 8th Street, Naples, Florida. The March 29, 2007 "Household Goods Bill of Lading" list the destination of shipment from Detroit as 2300 Beacon Lane, Naples, Florida. It is certainly plausible that 180 8th Street, Naples, Florida was not the plaintiffs' home or "any other permanent address there." Compare GPM's December 23, 2009 Exhibits 9 and 10.

be futile because the amended claims would not survive a motion to dismiss, the court is not to weigh credibility, but must instead accept the alleged facts as true. Twombly, 127 S. Ct. at 1964-65; Miller v. Currie, 50 F.3rd 373, 377 (6th Cir. 1995). The parties' intent prior to and at the time of shipment of plaintiffs' property to the Detroit storage location, whether the goods were shipped to Florida by a continuous or unified movement, and whether the Detroit storage location was intended to be only a temporary stoppage in furtherance of interstate carriage to Florida remain subject to factual development of the "whole group of facts" with respect to the commerce. Solectron USA, Inc., 520 F. Supp. 2d at 909; Swift Textiles, Inc., 799 F.2d at 699. Starling's affidavit is not dispositive of the parties' intent, nor is an alleged contractual reference to liability "as at common law." Plaintiffs' failure to comply with Local Rule 15.1 in moving for leave to amend "is not grounds for denial of the motion." E.D. Mich. LR 15.1 (1992).

Plaintiffs' motion for leave to amend the Complaint consistent with the attestations of Forest Starling will be granted because amendment would not be futile. Foman, 371 U.S. at 182; Twombly, 550 U.S. 544, 564. Plaintiffs' motion to remand will be denied because the court retains federal question jurisdiction. Warthman, 549 F.3d at 1061; Mikulski, 501 F.3rd at 565-66.

### III. GPM's Motion for Partial Summary Judgment

GPM's motion for summary judgment of plaintiff's initial Complaint is rendered moot by the court's ruling granting plaintiffs motion for leave to file a First Amended Complaint. Moreover, consistent with the analysis, material questions of fact remain regarding application of the Carmack Amendment, precluding summary judgment. See Amway Distributors Benefits Ass'n v. Northfield Ins. Co., 323 F.3d 386, 390 (6th Cir. 2003). GPM's

motion for partial summary judgment will be denied.

## IV. Conclusion

For the reasons set forth above, plaintiffs' motion is hereby GRANTED, IN PART, to the extent plaintiffs moved for leave to file a First Amended Complaint.  Plaintiffs shall file their First Amended Complaint consistent with the attestations of Forrest Starling within ten days of receipt of this Opinion and Order.  Plaintiffs' motion is hereby DENIED, IN PART, to the extent plaintiffs moved to remand to state court.  Defendants' motion for summary judgment is hereby DENIED.

SO ORDERED.

Dated:  February 3, 2010

                                              s/George Caram Steeh
                                              GEORGE CARAM STEEH
                                              UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
February 3, 2010, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk

---